OPINION *Page 2 
{¶ 1} Richland County Children's Services Agency appeals two judgments of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, which dismissed its complaints filed on behalf of Macey Parks and Madison Perkins, alleged neglected/dependent children. Appellees are Andrew and Joni Parks. Andrew Parks is the natural father of Macey and step-father of Madison. Joni Parks is the mother of both children. In each case, the agency assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PARENT'S MOTION TO DISMISS WITHOUT HEARING RCCS' COMPLAINT ON ITS MERITS." (SIC)
 {¶ 3} On April 4, 2007, the trial court conducted an emergency shelter-care hearing and awarded the agency temporary custody of the two children, age nine months old and four years old at the time. Subsequently, the agency filed complaints alleging both children were neglected and dependent for various reasons. The trial court never conducted an adjudicatory hearing on the merits of the complaints, but conducted a series of pre-trials throughout the months of April, May, and June. At some point in time, the children were returned to appellees' home with supervision.
 {¶ 4} On July 5, 2007, the agency voluntarily dismissed both complaints pursuant to an agreement with appellees. Appellees agreed to allow the agency direct access to the children at random times at the home. Appellee Andrew Parks agreed to complete a mental health examination.
 {¶ 5} On July 12, 2007, the agency filed a second set of two complaints alleging the children were neglected or dependent children. Appellees moved to dismiss the two *Page 3 
new complaints, arguing the allegations in the second complaints are identical to the original complaints, and expressed no new concerns.
 {¶ 6} The trial court conducted a hearing on the motion to dismiss on September 13, 2007. The agency's counsel made an opening statement informing the court the agency had experienced difficulty making contact with the appellees. Counsel conceded it was not necessary because of some purposeful act on the part of appellees, but the agency was unable to determine what was going on with the children. Counsel also stated appellees had not substantially fulfilled the terms of the agreement.
 {¶ 7} At the hearing, appellee Andrew Parks testified at the time they entered into the agreement, he believed the time limit for him to obtain the mental health assessment was the next court date, August 9. Appellee testified he completed a mental health assessment on Sunday, July 22. Appellee testified with his work schedule and because he had missed a lot of work to be in court, it was easier for him to have the assessment on a weekend. He testified he and Dr. John Jordon "played a lot of phone tag" because of their schedules.
 {¶ 8} Appellee Andrew Parks testified the case workers apparently came to the home prior to July 4, but he did not hear the door bell and the caseworker did not leave a note or a card.
 {¶ 9} Appellee Joni Parks also testified about the missed visit. She stated her husband was in the bathroom getting dressed and she had taken the children's swimsuits outside to hang them up to dry when she heard a car. By the time she came around the corner of the house, the caseworker was backing out of the driveway. *Page 4 
 {¶ 10} At the hearing, the agency presented the testimony of Beth Burns, the agency's on-going caseworker for this family. She testified on the day of the missed visit, she arrived at the scheduled time, rang the doorbell, and knocked on the door. Ordinarily she knocks two or three times, and she believes she did so on this occasion as well. Burns testified she saw no movement inside the house and it appeared to be dark so she thought no one was home. However, later that morning, she did receive a call from appellee Andrew Parks. She further testified she made an unannounced visit to the home the following day, but it was unsuccessful.
 {¶ 11} Burns testified the agency re-filed the complaints on July 12 because it was concerned appellee Andrew Parks had not completed the mental health assessment. Burns testified she did not believe appellees had complied with the main components in the case plan.
 {¶ 12} The court inquired directly what specifically was new in the case that warranted re-filing. Burns responded that the mental health examination had not been scheduled and the family had missed the scheduled visit. (We note both the attempted visits were apparently made prior to the July 5, 2007 dismissal of the original case.)
 {¶ 13} The agency called LuAnn Payne, a children's services investigator. She testified after the original case was dismissed, her involvement with the family was to update the family assessment. In response to the court's question, Payne testified she was not aware of any additional evidence indicating the case should be re-filed.
 {¶ 14} After the witnesses testified, the court asked counsel if the complaints in the original action were exactly the same as the complaints filed in the second action. Counsel informed the court there were slight differences, and she offered to present a *Page 5 
brief argument in that regard. The court replied the complaints were before the court. The court then asked counsel if she had any more witnesses, and she replied "no".
 {¶ 15} After closing arguments, the trial court stated the agreement between the parties was that the original complaints would be dismissed on condition of four listed items. The court found the agreement implied if appellees fulfilled all the terms, then the case would not be re-filed unless there was new and independent evidence. The court found appellees had substantially complied with the terms of the agreement, and barring new evidence, the agency was bound by the agreement not to re-file.
 {¶ 16} The agency argues the trial court did not afford it the opportunity to fully present its defense to the motion to dismiss, and did not allow it to address the merits of its complaint, even preventing the agency from giving an oral argument on the topic of whether there were factual differences between the complaints.
 {¶ 17} The record shows the court permitted the agency's counsel to argue the substance of the new complaints was different from the original complaints. Counsel advised the complaints differed in their wording because the second complaints were tailored more to the later circumstances. She reiterated the agency's original concerns and argued the agency believed very strongly the appellees had not substantially complied with the agreement, giving rise to further concerns for the children's safety.
 {¶ 18} As the trial court noted, it had the complaints themselves before it, and the court could see for itself whether the allegations were essentially the same. The court permitted the agency's witnesses to testify why they believed appellees had not complied with the agreement. *Page 6 
 {¶ 19} The trial court found appellees had made a good-faith effort to immediately comply with all the requirements of the agreement, but had been delayed in completing their duties because of scheduling delays and other reasons beyond their control. The court found by re-filing only one week later, the agency had not allowed appellees a reasonable time in which to fulfill the requirements of the agreement.
 {¶ 20} We find the record supports the trial court's decision. We agree with the trial court given the circumstances, it was unreasonable to expect appellees to complete all the requirements of the agreement in one week. We presume the agency decided based on the evidence it had on July 5, it was safe to enter into the agreement and dismiss the case. We agree with the trial court the agency did not come forward with sufficient evidence appellees breached the agreement, nor did it present new evidence to show its original decision to dismiss the case was ill-advised.
 {¶ 21} The trial court dismissed the action with prejudice to "future filing/action" on the allegations upon which the present cases were based, and the agency argues this is not in the best interest of the children. We find the agency can file a new action based on new facts or if in the future appellees fail to comply with the conditions of the agreement.
 {¶ 22} The assignment of error is overruled. *Page 7 
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed.
 Gwin, J., Hoffman, P.J., and Wise, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed. Costs to appellant. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed. Costs to appellant. *Page 1